W<sup>m</sup> Breck Seiniger, Jr. (ISB#2387)
SEINIGER LAW
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Fax:   (208) 345-4700

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **Cailyn Anne Kangas,**<br>   *Plaintiff*<br><br>v.<br><br>**Seanjay Wright**, an individual; **Former Ada County Sheriff Gary Raney,** individually and in his official capacity; **Ada County**, a Political Subdivision of the State of Idaho; **the Ada County Commissioners, David L. Case, Jim Tibbs and Rick Yzaguirre,** individually and in their official capacities, and **John and Jane Does I to XX** whose true identities are unknown,<br>   *Defendants* | Case No.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

   COMES NOW Plaintiff, by and through counsel, and for causes of action against

Defendants, alleges as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL**
-1-

## I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Cailyn Kangas ("Plaintiff Kangas") is a resident of Clark County, Washington. Kangas is a former inmate of the Ada County Jail, and is presently incarcerated under the jurisdiction of the Idaho Department of Corrections.

2. Defendant Gary Raney ("Defendant Raney") was the Ada County Sheriff until 2015. Upon information and belief, Defendant Raney is a resident of Ada County, Idaho. As sheriff, Defendant Raney is charged with the responsibility of developing and implementing policies and procedures for the management of the Ada County Jail and its employees, and is responsible for the care, custody and protection of inmates under the jurisdiction of Ada County. Defendant Raney is being sued individually and in his official capacity.

3. Ada County is a political subdivision of the State of Idaho. The Ada County Sheriff's Department is a governmental agency of the State of Idaho.

4. Defendants David L. Case, Jim Tibbs and Rick Yzaguirre, were members of the Board of Commissioners of Ada County, Idaho during all relevant times herein. They are named in their individually and in their official capacities.

5. Defendants John and Jane Does I to XX whose true identities are unknown, are employees, contractors, or other agents of Defendant Ada County whose actions are imputable to it as a matter of law under the doctrine of *respondeat superior* or otherwise.

6. Venue is proper in the District of Idaho because the acts and omissions that form the basis of this complaint occurred in Ada County, Idaho, Defendant Raney is a resident of Ada County, Idaho, and Ada County is a political subdivision of the State of Idaho.

7. Pursuant to 28 U.S.C. § 1367, this Court has pendent jurisdiction over the state law claims presented herein because there is a common nucleus of operative facts giving rise to both the state and federal claims.

8. Prior to commencement of this action, Plaintiff Kangas served a timely Notice of Tort Claim on Defendants Wright, Raney, and Ada County in accordance with the requirements of Chapter 9, Title 6, Idaho Code.

9. Plaintiff has exhausted all required pre-litigation administrative procedures with respect to the claims asserted herein.

10. At all relevant times herein, Defendants Wright, Raney, and the other actors identified herein were acting under color of law and within the scope and course of their employment with Ada County.

## II.   FACTUAL BACKGROUND

### Supervision, Control, and Protection of Prisoners

11. At all times material, Seanjay Wright (hereinafter "Wright"), was under the direct supervision, authority, employ and control of Defendants Raney and Ada County.

12. Plaintiff Kangas was housed as an inmate at the Ada County Jail from approximately July 10, 2013 to November 2014.

13. During the period of her incarceration in the Ada County Jail, Plaintiff Kangas had certain rights including the right to be kept safe from battery by the Ada County Sheriff's Department.

14. Between the date of her initial arrest in July of 2013 and October 23, 2014, Plaintiff Kangas was housed as a pretrial detainee.

15. On October 23, 2014, Plaintiff was convicted of a crime and sentenced.

16. Plaintiff remained in the custody of the Ada County Sheriff's Office and was housed as a prisoner in the Ada County Jail between approximately July 10, 2013 and her transfer to the Idaho State Correctional Facility in November 2014.

17. During the period of Plaintiff Kangas' incarceration, Defendant Wright, an Ada County Sheriff's Deputy at the time, was one of the Ada County Sheriff's Department's agents who supervised Plaintiff Kangas.

18. During Plaintiff's incarceration in the Ada County Jail, the Ada County Sheriff's Department was charged with Plaintiff Kangas' protection.

19. During her incarceration in the Ada County Jail, Plaintiff Kangas was deprived of her liberty.

20. As a part of her incarceration in the Ada County Jail, Plaintiff Kangas was deprived of her liberty to engage in sexual contact.

21. As a part of her incarceration in the Ada County Jail, Plaintiff Kangas did not have the liberty to consent to sexual contact with any employee of the Ada County Sheriff's Department.

22. At all relevant times herein, all of the employees of the Ada County Sheriff's Department had a duty to comply with all state and federal laws protecting prisoners within the Ada County Jail protecting the safety of those prisoners.

23. At all relevant times herein, it was within the scope of employment and the responsibility of all of the employees of the Ada County Sheriff's Department to comply with all state and federal laws protecting prisoners within the Ada County Jail protecting the safety of those prisoners.

**Acts Creating an Atmosphere of Coercion**

24. During her incarceration in the Ada County Jail, Plaintiff Kangas was susceptible to manipulation by agents of the Ada County Sheriff's Department by virtue of her confinement and psychological state.

25. During her incarceration in the Ada County Jail, Defendant Wright, an Ada County Sheriff's Deputy at the time, supervised Plaintiff Kangas and began a process of giving her special attention and granting her special privileges or "favors."

26. Beginning in or around August 2013, Plaintiff Kangas worked in the Ada County Jail laundry facility for about $10 per week in pay.

27. Consequently, Plaintiff Kangas was paid for work that she was not required to perform and/or for being at her job when she was not as a result of favorable treatment that Defendant Wright began to show her as he cultivated intimacy with her.

28. Defendant Wright would allow Plaintiff Kangas to stand up at the deputy station late at night. Defendant Wright would talk with Plaintiff Kangas for hours.

29. Defendant Wright would allow Plaintiff Kangas to work shorter shifts; however, she received the same pay as those inmates working regular shifts.

30. Defendant Wright's conduct was engaged in for the purpose of "grooming" Plaintiff to obtain her coerced consent to engage in sexual conduct for his sexual gratification.

31. Upon information and belief, other inmates and/or agents of the Ada County Sheriff's Department were aware of and/or complained about Defendant Wright's special treatment of Plaintiff Kangas.

**COMPLAINT AND DEMAND FOR JURY TRIAL**
-5-

32. Upon information and belief, Defendant Wright would write Plaintiff Kangas notes, discussing the possibility of a relationship after Plaintiff Kangas was released from incarceration.

33. The passing of the aforementioned notes between Defendant Wright and Plaintiff Kangas were not necessary for any legitimate purpose authorized by law in connection with the custody of Plaintiff Kangas.

34. The passing of personal notes between Defendant Wright and Plaintiff Kangas was intended by Defendant Wright for the purpose of cultivating intimacy between himself and her.

35. Plaintiff Kangas kept one note because it had "sentimental value" and gave her hope about having a future relationship with Defendant Wright.

36. Defendant Wright, knowing which facility Plaintiff Kangas would be located in, would call Plaintiff Kangas repeatedly on the Ada County Jail phone system when he was on duty during the months of November and December, 2013.

37. During at least one of those phone calls, Defendant Wright told Plaintiff Kangas that he could not stop thinking about her and that she infatuated him.

38. Defendant Wright admitted to Plaintiff Kangas that he had purposefully watched a video of Plaintiff Kangas crying in response to a video from her mother and son.

39. Plaintiff Kangas felt that Defendant Wright had taken away any privacy she had.

40. Defendant Wright's conduct caused Plaintiff Kangas to have anxiety, and she would welcome the days that he was not working.

41. Plaintiff Kangas and her boyfriend, Travis Fessel, who was also an inmate at the Ada County Jail during November and December 2013, have a child in common and

were given written correspondence privileges permitting them to discuss their child in common through written correspondence.

42.     Upon information and belief, Defendant Wright knew that Travis Fessel and Plaintiff Kangas were dating.

43.     In or around November 2013, having apparently read the written correspondence between Travis Fessel and Plaintiff Kangas, Defendant Wright reprimanded Plaintiff Kangas for writing about subjects other than the child in common.

44.     Plaintiff Kangas feared for her own safety, and for the safety of Travis Fessel.

45.     While Plaintiff Kangas was working in the laundry facility, Defendant Wright would spend long periods of time in the laundry facility.

46.     Upon information and belief, during the months of November and December 2013, other Ada County Sheriff deputies commented on the amount of time Defendant Wright was spending in the laundry facility while Plaintiff Kangas was there.

47.     Upon information and belief, during the months of November and December 2013, other inmates complained to Ada County Jail deputies about Defendant Wright's favorable treatment of Plaintiff Kangas.

48.     Upon information and belief, shortly before Thanksgiving Day in November, 2013, Deputy Hickam asked Defendant Wright, who was engaged in conversation with Plaintiff Kangas, whether he was interrupting something.

49.     Defendant Wright approached Plaintiff Kangas in or around December 2013, and led her to a closet within the laundry facility which he knew to be out of view of security cameras.

50. In or around December 2013, Defendant Wright met with Plaintiff Kangas in the laundry facility closet on three separate occasions.

51. Upon information and belief, the closet door was open and the light was on during each sexual encounter between Defendant Wright and Plaintiff Kangas.

52. During one encounter, which occurred on or about December 30, 2013, Defendant Wright had Plaintiff Kangas perform oral sex on him in the laundry facility closet while supervising Plaintiff Kangas and other female inmates.

53. Wright engaged in illegal sexual contact with Plaintiff Kangas in violation of I.C. § 18-6110.

54. Upon information and belief, the illegal sexual contact occurred during times when Defendant Wright was the only guard on duty supervising the female inmates.

55. On or about December 31, 2013, several Ada County Sheriff deputies took Plaintiff Kangas to a holding cell where she wrote a statement, which included a report of the illegal sexual contact between her and Defendant Wright.

56. In retaliation for her having engaged in sexual contact with Defendant Wright, and or for her statement and report of illegal sexual conduct, Defendant Raney placed Plaintiff Kangas in the medical dorm for about five months.

57. When Plaintiff Kangas complained about being housed in the medical dorm for an unknown amount of time, she was told by Ada County Sheriff deputies that she was being housed there for her own safety and due to news publicity.

58. Upon information and belief, the explanation given to Plaintiff Kangas was a pretext and she was housed in the medical dorm and deprived of privileges in retaliation as aforesaid.

### Damages Suffered By Plaintiff

59. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff Kangas has suffered physical injury, and mental and emotional distress, and will continue to suffer such damages in the future.

60. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff Kangas suffered a loss of liberty, notwithstanding the fact that at all relevant time she was incarcerated as a pretrial detainee in the Ada County Jail.

61. Plaintiff has suffered economic damages in a nominal amount, or such greater amount as may be proven at trial.

62. Plaintiff has suffered non-economic damages in the amount of $2,000,000 or such greater amount as may be proven at trial.

### III. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### VIOLATION OF CIVIL RIGHTS
#### (42 .S.C. § 1983)

63. Plaintiff incorporates all of the foregoing allegations as if fully set forth herein *in haec verba*.

64. Defendants Raney and Ada County assigned Defendant Wright and other male officers of the Ada County Jail to supervise female inmates without providing adequate training, oversight or mechanisms to ensure the safety and protection of female inmates.

65. Defendants Raney and Ada County allowed female inmates to be supervised by one male officer during overnight shifts.

66. Defendants Raney and Ada County failed to provide female inmates with information pertaining to their rights to be free from sexual assault.

67. There is a pattern and practice of female inmates in the Ada County Jail being subjected to offensive touching, requests for sexual acts, discriminatory practices, and illegal sexual conduct as a condition of receiving privileges, special treatment, favors, and other rights and benefits.

68. Defendants Raney and Ada County's acts and omissions created a hostile environment and pervasive risk of harm to female inmates, including Plaintiff Kangas, and Defendants Raney and Ada County knew or should have known of the undue threats to Plaintiff Kangas which resulted from placing inadequately trained or supervised male staff on duty alone in areas where female inmates, including Plaintiff Kangas, are subjected to sexual misconduct.

**69.** Defendants exhibited reckless disregard and deliberate indifference to the sexual misconduct and assaults on Plaintiff Kangas by: failing to train and supervise staff, by failing to sufficiently monitor security cameras, by failing to have security cameras in or pointing at spaces such as the laundry room closet, by failing to investigate allegations of sexual abuse and favoritism on the part of Ada County Jail deputies, and retaliating against Plaintiff Kangas for reporting illegal sexual contact.

70. Defendants' acts and omissions regarding training, supervision, investigation and discipline of staff and retaliation against Plaintiff Kangas for reporting sexual misconduct encouraged and ratified the discriminatory and sexually abusive treatment of Plaintiff Kangas.

71. The management and supervisory practices, rules, procedures and acts of the Defendants were so deficient in their failure to limit the risks and incidents of sexual misconduct by male staff on female inmates as to constitute deliberate indifference to the

safety needs of Plaintiff Kangas and other female prisoners under Defendants' jurisdiction.

72. The management and supervisory practices, rules, procedures and acts of the Defendants were so deficient in their failure to limit the risks and incidents of sexual misconduct by male staff on female prisoners as to constitute encouragement and aid to Defendant Wright who violated female inmates', including Plaintiff Kangas's right to be free of sexual assault, harassment, degrading treatment and privacy violations.

73. Defendants' failure to prevent and remedy the illegal sexual contact with Plaintiff Kangas, degrading treatment and privacy violations by Defendants and their employees constitutes an official policy, custom, pattern or practice that has deprived Plaintiff Kangas of her constitutional right to bodily integrity and right to privacy without due process of law in violation of the Fourth, Eighth and Fourteen Amendments of the United States Constitution and 42 U.S.C. § 1983.

74. The supervision of Plaintiff Kangas under the foregoing circumstances violates the prohibition against cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution, the prohibition against unreasonable searches and seizures as guaranteed by the Fourth Amendment of the United States Constitution, and deprived Plaintiff Kangas of the equal protection of laws under the Fourteenth Amendment of the United States Constitution. The supervision of Plaintiff Kangas under the foregoing circumstances also violates the customary international law norm prohibiting cruel, inhuman or degrading treatment or punishment.

75. The supervision of Plaintiff Kangas under the foregoing circumstances constitutes discrimination based on sex. This inferior treatment is not substantially related to an

important and governmental interest and violates the Fifth and Fourteenth Amendments to the United States Constitution and the customary international law standards.

76. Defendants' retaliation against Plaintiff Kangas for reporting the illegal sexual contact constitutes a violation of her right to freedom of speech guaranteed under the First and Fourteenth Amendments to the United States Constitution and violated her right to privacy under the United States Constitution.

77. The foregoing conditions amounted to punishment of a pre-trial detainee in contravention of her rights under clearly established Idaho and Federal law.

78. The deprivations of constitutional rights alleged in this complaint are the direct result of official policies, custom and practices of Defendants.

79. At all times relevant to these actions, Defendants and each of them were acting under color of law.

80. As a direct and proximate result of the failures, acts, and/or omissions of Defendants, Plaintiff Kangas has been damaged and is entitled to an award of money damages to compensate her for, among other things, past and future medical expenses and past and future mental anguish.

81. As a direct and proximate result of the failures, acts, and/or omissions of Defendants, Plaintiff Kangas has been required to retain Seiniger Law to bring this action. She is entitled to recover reasonable costs and attorney's fees for bringing this suit.

## SECOND CAUSE OF ACTION
## STATE CONSTITUTIONAL LAW VIOLATIONS

82. Plaintiff incorporates all of the foregoing allegations as if fully set forth herein *in haec verba*.

83. The supervision of Plaintiff Kangas under the foregoing circumstances violates the prohibition against cruel and unusual punishment as guaranteed by the Article I, Section 6 of the Idaho Constitution, the prohibition against unreasonable searches and seizures as guaranteed by Article I, Section 17 of the Idaho Constitution, and the requirements of due process of law under Article I, Section 13 of the Idaho Constitution.

84. The retaliation against Plaintiff Kangas for reporting the illegal sexual contact violated her right to freedom of speech guaranteed by Article 1, Section 9 of the Idaho Constitution and her right to privacy guaranteed by Article I, Section 22 of the Idaho Constitution.

85. The deprivations of constitutional rights alleged in this complaint are the direct result of official policies, custom and practices of Defendants.

86. At all times relevant to these actions, Defendants and each of them were acting under color of law.

87. As a direct and proximate result of the failures, acts, and/or omissions of

88. Defendants, Plaintiff Kangas has been damaged and is entitled to an award of money damages to compensate her for, among other things, past and future medical expenses and past and future mental anguish.

89. As a direct and proximate result of the failures, acts, and/or omissions of Defendants, Plaintiff Kangas has been required to retain Seiniger Law to bring this action. She is entitled to recover reasonable costs and attorney's fees for bringing this suit.

90. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff sustained damages as aforesaid.

**COMPLAINT AND DEMAND FOR JURY TRIAL**
-13-

## STATE TORT CLAIMS

## THIRD CAUSE OF ACTION
### Negligence *Per Se*
### (Against Defendant Wright)

91. Plaintiff incorporates all of the foregoing allegations as if fully set forth herein *in haec verba*.

92. During the entire time that Plaintiff Kangas was a prisoner at the Ada County Jail, she was a member of a class of persons protected by Idaho Code § 18-6110.

93. Idaho Code § 18-6110 clearly defines a standard of conduct for the protection of prisoners, in that it forbids and makes it a criminal felony for an employee of a state, local or private correctional facility to have sexual contact with a prisoner.

94. At all relevant times Defendant Wright was required to observe the standard of conduct set forth in Idaho Code § 18-6110.

95. The Ada County Jail is a correctional facility within the meaning of Idaho Code § 18-6110.

96. Idaho Code § 18-6110 was intended to prevent the sexual exploitation of prisoners, including pretrial detainees such as Plaintiff Kangas.

97. Idaho Code § 18-6110 defines "sexual contact" to include sexual intercourse, genital-genital contact, manual-anal contact, manual-genital contact, oral-genital contact, anal-genital contact or oral-anal contact, between persons of the same or opposite sex.

98. Idaho Code § 18-6110 was intended to prevent sexual contact between agents of correctional facilities and prisoners, including pretrial detainees such as Plaintiff Kangas.

99. In violation of the form, force and substance of Idaho Code § 18-6110, Defendant Wright had sexual contact with Plaintiff Kangas.

100. Plaintiff Kangas was damages as a direct and proximate result of Defendant Wright's violation of Idaho Code § 18-6110.

101. Idaho Code § 18-6110 was intended to prevent the type of harm that the Defendant's acts and omissions caused.

102. As a direct and proximate result of the conduct of Defendant Wright, Plaintiff sustained damages as aforesaid.

### FOURTH CAUSE OF ACTION
### General Negligence
### (Against All Defendants)

103. Plaintiff incorporates all of the foregoing allegations as if fully set forth herein *in haec verba*.

104. At all times relevant herein Defendants had a duty to the Plaintiff under the common law of the State of Idaho and applicable sections of the Idaho Code to use due care to protect the Plaintiff during the period that she was incarcerated in the Ada County Jail as a pretrial detainee.

105. It was foreseeable to the Defendants that a breach of this duty would result in the Plaintiff suffering injury and damages.

106. The foregoing acts and omissions of the Defendants constitute a breach of the Defendant duty of due care to the Plaintiff.

107. The foregoing acts and omissions of the Defendants were negligent and reckless.

108. As a direct and proximate result of the Defendant's breach of duty and the acts and omissions of the Defendants, the Plaintiff was injured.

109. The conduct of the Defendants described herein was the proximate cause of Plaintiff's emotional distress

110. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff sustained damages as aforesaid.

### FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

111. Plaintiff incorporates all of the foregoing allegations as if fully set forth herein *in haec verba*.

112. At all times relevant herein Defendants had a duty to the Plaintiff under the common law of the State of Idaho and applicable sections of the Idaho Code to use due care to protect the Plaintiff from suffering emotional distress accompanied by physical injury during the period that she was incarcerated in the Ada County Jail as a pretrial detainee.

113. It was foreseeable to the Defendants that a breach of this duty would result in the Plaintiff suffering emotional distress accompanied by physical injury and related damages.

114. The foregoing acts and omissions of the Defendants as described above constitute a breach of the Defendant duty of due care to the Plaintiff.

115. The foregoing acts and omissions of the Defendants were negligent and reckless.

116. As a direct and proximate result of the Defendant's breach of duty and the acts and omissions of the Defendants, the Plaintiff suffered emotional distress accompanied by physical injury and related damages.

117. The conduct of the Defendants described herein was the proximate cause of Plaintiff's emotional distress accompanied by physical injury and related damages.

118.    As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff sustained damages as aforesaid.

### SIXTH CAUSE OF ACTION
### Intentional or Reckless Infliction of Emotional Distress
### (Against Defendant Wright)

119.    Plaintiff incorporates all of the foregoing allegations as if fully set forth herein *in haec verba*.

120.    Defendant Wright had a duty under Idaho law not to intentionally or recklessly act in a manner that foreseeably would cause Plaintiff emotional distress accompanied by physical injury.

121.    The conduct of Defendant Wright in grooming Plaintiff and having sexual contact with Plaintiff as aforesaid was intentional and/or reckless.

122.    The conduct of Defendant Wright as aforesaid was extreme and outrageous.

123.    It was foreseeable to Defendant Wright that a breach of this duty would result in the Plaintiff suffering emotional distress accompanied by physical injury and related damages.

124.    There is causal connection between the wrongful conduct of the Defendants and the Plaintiff's emotional distress accompanied by physical injury.

125.    As a direct and proximate result of the conduct of Defendant Wright, Plaintiff sustained damages as aforesaid.

WHEREFORE, Plaintiff Kangas prays relief as follows:

1.    For monetary damages in the amount of $2,000,000 or such greater amount as may be proven at trial.

2. For reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988 and Idaho Code § 12-121.

3. For an award of punitive damages.

4. For all other relief, legal and equitable, appropriate to this action.

Dated December 10, 2015.

SEINIGER LAW

_____
Wm. Breck Seiniger, Jr.
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on any and all issues properly triable by jury in this action.

Dated December 10, 2015.

SEINIGER LAW

_____
Wm. Breck Seiniger, Jr.
*Attorney for Plaintiff*